1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. THOMPSON, | CASE NO.    1:10-CV-02260-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF NO. 1) |
| J. HARTLEY, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |
| _____/ | |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On December 6, 2010, Plaintiff Robert E. Thompson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

Plaintiff's Complaint is now before the Court for screening.

///////

-1-

1

2

3

**II.    SCREENING REQUIREMENT**

4

        The Court is required to screen complaints brought by prisoners seeking relief

5

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

6

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

7

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

8

relief may be granted, or that seek monetary relief from a defendant who is immune from

9

such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

10

thereof, that may have been paid, the court shall dismiss the case at any time if the court

11

determines that ... the action or appeal ... fails to state a claim upon which relief may be

12

granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

13

        Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,

14

or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia

15

Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not

16

itself a source of substantive rights, but merely provides a method for vindicating federal

17

rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

18

**III.   SUMMARY OF COMPLAINT**

19

20

        Plaintiff was incarcerated at the California Department of Corrections and

21

Rehabilitation ("CDC-R"),  Avenal State Prison  ("ASP"), during the events alleged in the

22

Complaint. (Compl. p. 4, ECF No. 1.) Plaintiff complains that Defendants were indifferent

23

to his medical needs, applied excessive force, and failed to protect him from harm,

24

violating his rights under the Eighth Amendment and under state law. (Compl. at 11-12.)

25

        Plaintiff names the following Defendants at ASP in their respective individual and

26

27

official capacities: (1) Hartley, Acting Warden, (2) Ndoh, Associate Warden, (3) Ochoa, Associate Warden, (4) Beasley, Correctional Captain, (5) Lopez, Correctional Captain, (6) Blackford, Correctional Lieutenant, (7) Contreras, Correctional Lieutenant, (8) Campbell, Correctional Lieutenant, (9) Grubb, Correctional Sergeant, (10) Crenshaw, Correctional Sergeant, (11) Tercero, Correctional Officer, (12) Fluentes, Correctional Officer, (13) Galen, Doctor, (14) Xavier Lara, Psychiatrist, (15) Church, Psychiatrist,[1] (16) Icke, Psychiatrist, (17) Doe #1, Doctor at ASP, (18) Doe #2, Pharmacist at ASP, (19) Doe #3, Pharmacist at ASP, (20) Doe #4, Pharmacist at ASP (Id. at 4-11.)

On October 25, 2007, Defendant Galen ordered anti-psychotic medication, in pill form, be provided to Plaintiff. (Id. at 12.) On November 16, 2007, Defendant Lara ordered delivery of the medication by both injection and pill. (Id.) On November 21, 2007, Defendant Icke continued the medication, Plaintiff advised that he had not received his injection. (Id.) Defendants Does #2-4 failed to provide "the prescribed [anti-pyschotic] shot to the appropriate people." (Id. at 13.)

On December 9, 2007, Defendant Lara re-ordered the shots for a 90 day period, reducing in half Plaintiff's pill-form anti-psychotic medication. (Id.) Defendants Doe #2-4 again failed to deliver the shots. (Id.)

On December 21, 2007, Defendant Church, noting the shots had not been received, re-ordered the shots and discontinued the pill-form anti-psychotic. (Id.)

Plaintiff received his first shot of anti-psychotic medication on December 26, 2007, and it took "two weeks to [settle] into [his] system." (Id.)

---

[1] This Defendant appears to be named solely in an individual capacity.

As a result of the foregoing, Plaintiff was on half the prescribed dose of anti-psychotic medication during the period December 9, 2007 to December 21, 2007, and was without anti-psychotic medication during the period December 21, 2007 to December 27, 2007. (Id.)

On December 27, 2007, Plaintiff claims he was in a "psychotic state", went to the medical clinic, was evaluated by Doe #1, diagnosed with anxiety syndrome and told to return to his housing facility, (Id. at 14), Plaintiff refused, believing he would be killed if he did so. (Id. at 15.)

Defendants Crenshaw, Tercero, and Campbell asked him either to name the potential killer or return to his unit.  Plaintiff refused and was then "pepper-sprayed directly in the face, taken to the ground, hit and kicked then handcuffed ... then pulled up by [the] arms ...[t]earing [his] right arm [r]otator cuff ... [then] thrown ... face first onto the ground and then hit and kicked several more times by Defendant Tercero." (Id.)

He was then interviewed by Defendants Grubb.  Several hours passed before he was allowed a shower and received clean boxer shorts.  He was  placed in Administrative Segregation and  several more hours passed before he was given additional clothes, towel, blanket, toilet paper and soap. (Id. at 16.)

On December 28, 2007, he was interviewed by Defendant Contreras. (Id.)

On January 15, 2008, based on a report by Defendants Beasley, Tercero and Grubb, Plaintiff was charged with a (CDC 115) serious rules violation.  (Id. at 17.)  He  received a mental health evaluation on January 15, 2008.  His case was referred to the District Attorney for battery on a peace officer. (Id.)The District Attorney subsequently dismissed the case. (Id.)

Following disciplinary hearing, at which Defendant Fluentes assisted him, Defendant

-4-

Blackford found him guilty of a CDC 115 serious rules violation. (Id. at 18.) On September 12, 2008, Defendants Lopez and Ochoa "signed off" on the guilty finding. (Id.) On September 18, 2008, Defendants Beasley, Ndoh, and Hartley "all confirmed the findings and punishment of the CDC 115 battery on a peace officer, [d]espite the mental health findings and the dismissal of the court case." (Id.)

Plaintiff seeks a declaration that Defendants violated his rights, an injunction to prevent further violations and retaliation, unspecified compensatory and punitive damages, attorney's fees and costs. (Id. at 18-22.)

**IV.   ANALYSIS**

    **A.   Pleading Requirements Generally**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions

-5-

are not. Id. at 1949–50.

**B.    Doe Defendants**

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010).

Plaintiff is advised that Doe Defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute the Defendants' actual names. The burden remains on Plaintiff to promptly discover the full names of Doe Defendants. Id.

**C.    Indifference to Medical Needs**

Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th

-6-

Cir. 1991)), (overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997)) (quoting Estelle, 429 U.S. at 104). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. Farmer, 511 U.S. 825 at 837-42. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [Section] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986). A prisoner's mere

-7-

disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Veld, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff alleges an underlying medical need sufficiently serious to cause physicians to order a course of anti-psychotic drug therapy. "Serious medical needs" encompass conditions that are life-threatening or that carry risks of permanent serious impairment if left untreated, those that result in needless pain and suffering when treatment is withheld and those that have been diagnosed by a physician as mandating treatment." Scarver v. Litscher, 371 F.Supp.2d 986, 999 (W.D.Wis. May 27, 2005) (citing Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). See McGuckin, 974 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.") Plaintiff has alleged a serious medical need sufficient to satisfy the first prong of a deliberate indifference claim

However, although Plaintiff has alleged facts suggesting inappropriate, and perhaps even negligent, delay in providing medication to him (Compl. at 13), he has not alleged deliberate indifference to his medical needs. Apparently Defendants did examine, diagnose and prescribe a medically acceptable treatment for Plaintiff.  Although there was delay in providing part of that treatment, there is no allegation sufficient to support a claim that Defendants acted intentionally to deny, delay, or interfere with Plaintiffs medication to cause harm to Plaintiff. See Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir.1998) (a prisoner must allege that prison officials actually drew the inference between the [medical condition] and a specific risk of harm).

-8-

Moreover, there are insufficient facts alleged to support the claim that the delay caused him further injury. There is no suggestion that he suffered any adverse effect of being under-medicated prior to December 26, 2007, the day on which he was given the prescribed injection. His alleged psychotic reaction, the resulting altercation with guards and his injuries occurred the next day, December 27, 2007. When Defendant physician Doe #1 saw Plaintiff on the morning of December 27, 2007, immediately prior to the injury-causing events, he diagnosed only "anxiety syndrome" not requiring medical treatment. (Compl. at 14.) See Bumpus v. Canfield, 495 F.Supp.2d 316, 322 (W.D.N.Y. July 20, 2007) (Prison physician's delay of several days in dispensing inmate's medication did not demonstrate deliberate indifference to inmate's serious medical needs, where there was no evidence that inmate experienced any complications during the time he was waiting for his prescription to be refilled); see also McGuckin, 974 F.2d at 1060 (where delay in treatment is alleged as basis for deliberate indifference, the prisoner must also demonstrate that the delay led to further injury); see also Jackson v. Meachum, 699 F.2d 578, 583 (1st Cir.1983) ("[to] make the Eighth Amendment a guarantor of a prison inmate's prior mental health ... would go measurably beyond what today would generally be deemed 'cruel and unusual').

Further, it does not appear that, in the hours immediately following the application of force, Plaintiff complained of, or that Defendants were otherwise aware of, injuries or physical distress. See Reyes v. McGrath, 444 Fed. Appx. 126, 127 (9th Cir. 2011) (deliberate indifference stated where, following use of pepper spray, inmate displays symptoms of harmful effects, defendants were aware of these symptoms, and refused to provide showers or medical care).

Plaintiff fails to state a medical deliberate indifference claim against Defendants. The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992). Nor does mere medical malpractice rise to the level of a constitutional violation.

The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing (1) a serious medical need, and (2) a deliberately indifferent response to that need on the part of each Defendant causing harm.

**D.    Failure to Protect**

Plaintiff suggests that Defendants subjected him to unlawful conditions of confinement and failed to protect him from harm, in violation of the Eighth Amendment.

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Helling v. McKinney, 509 U.S. 25, 31 (1993)). For a failure to protect claim, "the inmate must show he is incarcerated under conditions posing a substantial risk of serious harm" and the prison official must be deliberately indifferent to that risk , i.e. must "know of and disregard" the risk. Farmer, 511 U.S. at 834.

Plaintiff fails to identify any condition of confinement, or risk posed thereby, to support his failure to protect claim. The Court is unable to discern, from the allegations in the Complaint, any cognizable claim relating to conditions of confinement.

The Court will grant Plaintiff leave to amend. In order to state a cognizable, Plaintiff must allege conditions of confinement posing a substantial risk of serious harm, that each Defendant was aware of such serious risk, and then deliberately disregarded that risk.

1

**E.     Excessive Force**

2

3

Plaintiff alleges that corrections staff Defendants used, directed, and/or approved the

4

use of excessive force against him in violation of the constitutional right to be free of such

force.

5

6

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects

7

prisoners from the use of excessive physical force. Wilkins v. Gaddy, ——U.S. ——, ——,

8

130 S.Ct. 1175, 1178 (2010); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). The analysis

9

of an excessive force claim brought pursuant to Section 1983 begins with "identifying the

10

specific constitutional right allegedly infringed by the challenged application of force."

11

Graham v. Connor, 490 U.S. 386, 394 (1989). The Eighth Amendment's prohibition on cruel

12

and unusual punishments applies to incarcerated individuals, such as Plaintiff. Whitley v.

13

Albers, 475 U.S. 312, 318 (1976). To state an Eighth Amendment claim, a plaintiff must

14

allege that the use of force was an "unnecessary and wanton infliction of pain." Jeffers v.

15

Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause

16

harm always violates contemporary standards of decency, regardless of whether or not

17

significant injury is evident. Hudson, 503 U.S. at 9; see also Oliver v. Keller, 289 F.3d 623,

18

628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis

19

uses of force, not de minimis injuries). However, not "every malevolent touch by a prison

20

guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth

21

22

Amendment's prohibition of cruel and unusual punishments necessarily excludes from

23

constitutional recognition de minimis uses of physical force, provided that the use of force

24

is not of a sort repugnant to the conscience of mankind." Id. at 9–10.

25

26

Whether force used by prison officials was excessive is determined by inquiring if the

27

-11-

"force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 6–7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. Whitley, 475 U.S. at 321. The absence of significant injury alone is not dispositive of a claim of excessive force. Wilkens, 130 S.Ct. at 1176–77; see also Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir.1991) (unprovoked and unjustified attack on prisoner violates constitution regardless of degree of injury).

Plaintiff's allegations of significant force , i.e. being  pepper-sprayed directly in the face, taken to the ground, hit and kicked,  handcuffed, pulled up by the arms, tearing his rotator cuff, being thrown face first onto the ground, and then being hit and kicked several more times, may constitute excessive force if unnecessary and unjustified under the circumstances. However, Plaintiff provides little factual detail regarding the events immediately leading up to the use of force, his CDC 115 for battery upon an officer, the amount and duration of force applied, and his response to the force. See Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009) (no excessive force against inmate when guards deny inmate's request for pain medication, and administer a single shot of pepper spray, as a proportionate response when inmate becomes agitated and refuses to obey orders).

The Court will grant Plaintiff an opportunity to amend this claim. In order to state a cognizable claim for excessive force in an amended complaint, Plaintiff must provide truthful facts, not just speculation or suspicion, that support the allegation that, under the circumstances, each named Defendant acted maliciously, sadistically, and motivated by a

-12-

desire to cause harm to Plaintiff. See Dennis v. Huskey, 2008 WL 413772, *4, *5 (E.D.Cal. Feb.13, 2008) (Plaintiff provided sufficient factual detail to support the allegation that the Defendant slammed the food port door shut maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline). Plaintiff must also describe in detail what physical injury, if any, he experienced as a result.

**F.     Injunctive and Declaratory Relief**

Plaintiff seeks injunctive relief to prevent further violations and retaliation by Defendants. Plaintiff fails to satisfy the legal prerequisites for injunctive relief.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Plaintiff has not demonstrated that he will succeed on the merits of his case. His Complaint fails to state a cognizable claim.

There is no evidence of real and immediate threat of injury and irreparable harm.

Plaintiff does not address the third or fourth elements, i.e., the balancing of equities and public interest concerns. First, absent a showing sufficient to find harm to Plaintiff, there

is nothing to tip the balance of equities in Plaintiff's favor. Second, there are no facts demonstrating that injunctive relief would be in the public interest. The record before the Court does not justify the Court substituting its judgment for that of prison staff.

Plaintiff also seeks equitable relief by a declaration that his rights were violated. Plaintiff's claim for damages necessarily entails a determination whether his rights were violated, so his separate request for declaratory relief is subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005).

The various criteria not having been met, Plaintiff is not entitled to injunctive or declaratory relief. The Court will not allow leave to amend. For the reasons discussed above, leave to amend would be futile.

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under Section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing

the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed December 6, 2010;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to

////

////

-15-

1    the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d

2    1090 (9th Cir. 2011).

3

4

5    IT IS SO ORDERED.

6

7    Dated:   February 26, 2012         /s/ *Michael J. Seng*

8    ci4d6                        UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

                                    -16-