# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>J. HARTLEY, et al.,<br><br>Defendants. | Case No. 1:10-cv-02260-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 26)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter proceeds on claimed excessive force against Defendants Tercero and Campbell.

Before the Court is Plaintiff's motion seeking appointment of counsel on grounds he lacks funds to pay counsel; his efforts to retain counsel have been unsuccessful; he has limited knowledge of the law; he has limited access to the law library; incarceration limits his ability to locate witnesses and litigate this complex case involving conflicting testimony; and he participates in enhanced mental health outpatient services which may limit his ability to understand these proceedings.

## I. LEGAL STANDARD

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent him pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues involved." *Id.* Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d). *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

The burden of demonstrating exceptional circumstances is on the Plaintiff. See *Palmer*, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); accord, *Alvarez v. Jacquez*, 415 F. App'x 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); *Simmons v. Hambly*, 14 F. App'x. 918, 919 (9th Cir. 2001) (same); *Davis v. Yarborough*, 459 F. App'x 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1).").

## II. APPOINTMENT OF COUNSEL DENIED

There are not exceptional circumstances supporting appointment of counsel. The Court cannot make a determination at this early stage of the litigation that Plaintiff is likely to succeed on the merits. The claims alleged do not appear to be novel or unduly complex. The facts alleged to date appear straightforward and unlikely to involve any extensive

investigation and discovery. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily.

The papers filed by Plaintiff in this case reflect an appreciation of the legal issues and standards relating to excessive force and an ability to express same adequately in writing. The Court does not find that at present he cannot adequately articulate his claims pro se.

Finally, Plaintiff makes no showing that he has exhausted diligent efforts to secure counsel. His lack of funds and efforts to date do not demonstrate that further efforts to secure counsel necessarily would be futile.[1]

## III.   ORDER

For the reasons stated, it is HEREBY ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 26) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   July 18, 2014                           /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] See e.g., *Thornton v. Schwarzenegger*, 2011 WL 90320, *3–4 (S.D. Cal. January 11, 2011) (cases cited).

3