UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ROBERT E. THOMPSON, | Case No. 1:10-cv-02260-LJO-MJS |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO: |
| v. | 1) GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| J. HARTLEY, et al., | |
| Defendants. | (ECF No. 30.) |
| | 2) DENY PLAINTIFF'S MOTION FOR EXTENSION OF TIME |
| | (ECF No. 50.) |
| | FOURTEEN (14) DAY OBJECTION DEADLINE |

## I. PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF No. 1 & 4.) The action proceeds on an excessive force claim against Defendants Tercero and Campbell. (ECF No. 22.)

Before the Court is Defendant Tercero's August 7, 2014 motion for summary judgment on exhaustion grounds. (ECF No. 30.) Defendant Campbell joined the motion. (ECF Nos. 37 & 39.) Plaintiff opposes the motion (ECF No. 33.), and

Defendants filed a joint reply.  (ECF No. 41.)

Also, before the Court is Plaintiff's third motion for an extension of time to authenticate the exhibits attached to his opposition to Defendants' motion for summary judgment.  (ECF No. 50.)

These matters are deemed submitted.

## II.  LEGAL STANDARD – MOTION FOR SUMMARY JUDGMENT

Any party may move for summary judgment, and "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed R. Civ. P. 56(c)(1).

"Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party."  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).  Once the moving party has met its burden, the nonmoving party must point to "specific facts showing that there is a genuine issue for trial." *Id.* (*quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986)).

In evaluating the evidence, "the [C]ourt does not make credibility determinations or weigh conflicting evidence," and "it draws all inferences in the light most favorable to the nonmoving party."  *Id.*

## III.  PLAINTIFF'S CLAIMS

Plaintiff complains in his Second Amended Complaint ("SAC") that Defendants used excessive force against him on December 27, 2007, while he was a prisoner at

2

Avenal State Prison ("ASP").  (ECF No. 21.)  Plaintiff alleges that while handcuffed behind his back, Defendants picked him up by the handcuffs and injured his shoulder. Defendants then escorted Plaintiff to the prison clinic where Defendant Tercero threw him to the floor and continued to hit and kick Plaintiff even though he was restrained and compliant.

## IV. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### A. Legal Standard -- Exhaustion

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211 (2007).

"The primary purpose of a [prisoner's administrative] grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).  "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved.  A grievance also need not contain every fact necessary to prove each element of an eventual legal claim."  *Id.*  Instead, the grievance must alert "'the prison to the nature of the wrong for which redress is sought,'" *id.* at 1120 (*quoting Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)), and must give the prison an opportunity "to reach the merits of the issue."  *Id*. at 1119.

A motion for summary judgment is the proper means to raise a prisoner's failure to exhaust administrative remedies.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).  Defendants have the burden of proving Plaintiff failed to exhaust available administrative remedies.  *Id.*  A defendant's burden of establishing an inmate's failure to exhaust administrative remedies has been characterized by the Ninth Circuit as "very

3

low." *Albino v. Baca*, 697 F.3d 1023, 1031 (9th Cir. 2012). The "defendant need only show the existence of . . . [a grievance procedure] that the plaintiff did not use." *Id.* (*citing Hilao v. Estate of Marcos*, 103 F.3d 767, 778, n.5 (9th Cir. 1996)).

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Albino*, 747 F.3d at 1166. If material facts are disputed, summary judgment should be denied, and the district court should decide "disputed factual questions relevant to exhaustion . . . in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." *Id.* at 1170-71.

### B. Factual Background

The excessive force claim alleged in Plaintiff's SAC occurred on December 27, 2007, while he was a prisoner at ASP. Plaintiff resided at ASP until March 9, 2009, when he was transferred to Corcoran State Prison ("CSP").

At the time of the incident, Plaintiff was required to submit an appeal within fifteen working days of the event or decision being appealed. Appeals were to go through the following processes: 1) informal resolution, 2) first formal level of appeal, 3) second level appeal by the institution head, and then 4) third level appeal by the Director of CDCR.

CDCR has no record of an excessive force appeal having been submitted by Plaintiff while he was housed at ASP.

Plaintiff asserts that from November 2007 to at least July 2008 he suffered from a psychotic state that prevented him from filing an administrative appeal. Additionally, Plaintiff attests to having feared retaliation by Defendants if he had filed a grievance against them in the period from the date of the incident to the date of his March 2009 transfer from ASP to CSP.

Plaintiff submitted an appeal form on April 19, 2009. It complains that his inability to receive proper medication put him "in a state of insanity from December 07 to July

4

08." (ECF No. 33 at 50). Plaintiff further complained of being "accused of grabbing correctional officer (Tacero) while [he] was in this state of mental disorder, dysfunction," and that he suffered "from a 'torn rotator cuff.' Right Shoulder". (ECF No. 33 at 51.) On April 22, 2009, Plaintiff received a response that his appeal was being screened out as a duplicate to a CDC 1824 medical appeal submitted on the same date.

On October 4, 2009, Plaintiff submitted another appeal form complaining of the same issues as his April 19, 2009 appeal. Plaintiff received a response that his appeal was being returned due to a time constraint violation.

### C.     Parties' Arguments

Defendants argue that Plaintiff failed to exhaust his administrative remedies. CDCR has no record of Plaintiff submitting an excessive force appeal within fifteen days of the alleged incident. They also claim that Plaintiff's allegation in his SAC that he submitted an inmate appeal that was dismissed twice for untimeliness is effectively a concession of his failure to exhaust. Defendants further argue that Plaintiff has not met his burden of demonstrating that administrative remedies were not available to him. Plaintiff's claim of being in a psychotic state is unsupported by anything other than his inadmissible medical opinion and exhibits and his self-serving testimony. Likewise, even if fear of retaliation was a grounds for failing to exhaust, Plaintiff's generalized allegation does not support such a claim. Finally, even if the Court accepts Plaintiff's reasons for failing to appeal prior to March 9, 2009, his April 2009 appeal was still untimely and fails to address his claims of excessive force against Defendants.

Plaintiff argues that he was prevented from filing an administrative appeal within fifteen days of December 27, 2007 because he was in a psychotic state until July 2008 and feared for his safety until March 9, 2009 when he transferred to CSP. He contends that his April 19, 2009 appeal is the relevant appeal of his SAC claims and that it was not his fault that it was not processed through all three levels of review and denied as duplicative and untimely.

5

### D. Analysis

Defendants have met their burden of demonstrating that there was an available administrative process and that Plaintiff failed to exhaust it.

Plaintiff concedes that there was an administrative grievance process in place at the time of the incident, but alleges that he was excused from complying with it until April 19, 2009. (ECF No. 33 at 11-12, 16-17). Assuming, without deciding, that Plaintiff had valid excuses for not filing his appeal prior to March 9, 2009, he has not met his burden of demonstrating the procedure was unavailable to him from March 9, 2009 until April 19, 2009 when he filed a grievance. *See Albino*, 747 F.3d at 1172 (the prisoner bears the burden "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him"). Plaintiff concedes that he was required to submit an appeal within fifteen days. (ECF No. 33 at 16.). Yet, he offers no justification for his failure to do so even though he was no longer in a psychotic state or in fear of retaliation for filing a grievance.

Additionally, Plaintiff's April 19, 2009 grievance fails to alert "'the prison to the nature of the wrong for which redress is sought.'" *Griffin*, 557 F.3d at 1120 (*quoting Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). The grievance fails to mention Defendant Campbell's name or any alleged actions by him. While the grievance discusses the December 27, 2007 incident of Defendant Tercero grabbing Plaintiff, it does not allege Defendant Tercero was too rough or used an excessive amount of force against Plaintiff or any other wrongdoing on the behalf of Defendant Tercero.

Accordingly, Defendants' motion for summary judgment should be GRANTED.

## V. MOTION FOR EXTENSION OF TIME

Defendants argue in their reply that Plaintiff did not properly authenticate the progress notes and medical exhibits attached to his opposition in support of his allegation that he was suffering from a psychotic state. Plaintiff requests a third

6

extension of time to authenticate his exhibits. (ECF No. 50.) In light of the Court's finding that even if Plaintiff's mental state rendered the administrative grievance process unavailable to him until July 2008, he still failed to timely file an appeal and exhaust his administrative remedies, the authentication of Plaintiff's documents will not alter the Court's recommendation to grant Defendants' motion for summary judgment. Accordingly, Plaintiff's motion for an extension of time to authenticate said documents is DENIED.

## VI.   CONCLUSION AND RECOMMENDATION

The Court finds that Defendants have met their burden of proving Plaintiff failed to exhaust his administrative remedies. Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment (ECF No. 30.) be GRANTED. Given the Court's findings and recommendation, Plaintiff's third motion for an extension of time is DENIED. (ECF No. 50.)

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   February 23, 2015              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8