UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>J. HARTLEY, et al.,<br><br>Defendants. | CASE NO. 1: 10-cv-02260-LJO-MJS (PC)<br><br>ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT<br><br>(ECF No. 57) |

## I.  PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983.  (ECF No. 1 & 4.)  The action proceeds on an excessive force claim against Defendants Tercero and Campbell.  (ECF No. 22.)

Before the Court is Plaintiff's May 11, 2015 Motion to alter or amend the judgment granting Defendants' motion for summary judgment and closing the case.  (ECF No. 57.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to move to alter or amend a judgment.  Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party

from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances'" exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (*quoting Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1103 (9th Cir. 2006)).  The moving party "must demonstrate both injury and circumstances beyond his control."  *Latshaw,* 452 F.3d at 1103.  In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), and "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision.  *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (*quoting Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992)).

### III.   ANALYSIS

Plaintiff moves to have the order granting Defendants' motion for summary judgment altered or amended, but he fails to state how or in what regard it should be altered or amended.  If Plaintiff is seeking a determination that Defendants' motion be denied, and the case reopened, Plaintiff has not shown clear error or other meritorious relief from the Court's order.  Plaintiff references a grievance that was turned into an internal affairs complaint and requests additional discovery as to when this occurred so that he can prove his administrative remedies were exhausted.  However, it is not clear how this internal affairs complaint has any bearing on Plaintiff's failure to demonstrate

2

that the administrative grievance process was unavailable to him from March 9, 2009 to April 19, 2009.  Plaintiff does not state what this internal affairs complaint was about, when he submitted it, how it is relevant to the issues raised in Defendants' motion, and why he was unable to bring it to the attention to the Court sooner.

## IV.     CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

Plaintiff's motion to alter or amend the judgment (ECF No. 9.) is DENIED.

IT IS SO ORDERED.

Dated:   **May 22, 2015**               **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE

3