UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>J. HARTLEY, et al.,<br><br>Defendants. | Case No. 1:10-cv-02260-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL**<br><br>**(ECF NO. 63)** |

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding against Defendants Tercero and Campbell on an excessive force claim. (ECF No. 22.)

On April 24, 2015, judgment was entered for Defendants after the Honorable Lawrence J. O'Neill adopted the undersigned's findings and recommendation to grant Defendants' motion for summary judgment for failure to exhaust administrative remedies. (ECF Nos. 51, 55-56.) Plaintiff thereafter filed a motion to alter or amend the judgment. (ECF No. 57.) In support of his motion, he referenced a grievance that was turned into an internal affairs complaint. Plaintiff requested additional discovery as to when that occurred so that he could prove his administrative remedies were exhausted. Plaintiff's motion was denied by District Judge O'Neill because of Plaintiff's failure to show how the internal affairs complaint had any bearing on Plaintiff's failure to demonstrate that the administrative grievance process was unavailable to him during the time period at issue. (ECF No. 58.)

Plaintiff has now filed a timely notice of appeal and a motion to proceed in forma pauperis on appeal. (ECF No. 63.) In the Notice of Appeal, Plaintiff claims that this Court erred in entering judgment for Defendants in light of the internal affairs complaint.

Federal Rule of Appellate Procedure 24 provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." Fed. R.App. P. 24(a)(1). Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445).

For the reasons stated in the February 23, 2015, findings and recommendations, which were adopted in full, and also for the reasons stated in District Judge O'Neill's May 22, 2015, order denying Plaintiff's motion to alter or amend, the Court finds that the instant appeal is frivolous. The Court thus certifies that Plaintiff's appeal is not taken in good faith.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis on appeal (ECF No. 63) is DENIED.
2. The Clerk of Court is directed to serve a copy of this order on Plaintiff and on the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: December 7, 2015 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE